**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMELIA STRAW, LUCIA GARCIA, and SARINA DALE, on behalf of themselves and all other similarly situated individuals, known and unknown, | |
| Plaintiffs, | Case No. |
| v. | Judge |
| FOR THE PEOPLE HOSPITALITY GROUP, LLC d/b/a The Duplex and The Revolver, FTPHG, LLC d/b/a The Duplex and The Revolver, LEQOINNE RICE, individually, and CHRISTOPHER SCARDINA individually, | |
| Defendants. | |

**COMPLAINT**

Amelia Straw, Lucia Garcia, and Sarina Dale ("Plaintiffs"), on behalf of themselves and other similarly situated employees, for their Complaint against Defendants For the People Hospitality Group, LLC ("For the People"); FTPHG, LLC ("FTPHG"), LeQoinne Rice ("Rice"), individually, and Christopher Scardina ("Scardina"), individually (collectively "Defendants"), state as follows:

## I.  NATURE OF THE CASE

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"); the Chicago Minimum Wage Ordinance, MMC 6-105-010, *et seq.* ("CMWO") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") for Defendants': a) unlawful retention of gratuities intended for and the property of Defendants' employees arising under the FLSA, the IMWL, the CMWO and the IWPCA; b) failure to provide its employees with an accounting of gratuities received from customers arising under the FLSA, the IMWL, the CMWO and the

IWPCA; c) failure to preserve records of gratuities received from customers and how and to whom such gratuities were distributed arising under the FLSA, the IMWL, the CMWO and the IWPCA; d) failure to provide its employees with a correct and accurate paycheck stub arising under the IWPCA; e) failure to pay Plaintiff Straw and other similarly situated employees at least the federal, Illinois and Chicago-mandated minimum wages for all compensable time arising under the FLSA, the IMWL and the CMWO; and f) failure to pay Plaintiff Straw and other similarly situated employees required overtime wages for all time worked in excess of forty (40) hours in individual work weeks arising under the FLSA, the IMWL and the CMWO.

2.      For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. Plaintiffs Straw, Garcia and Dale's consents to act as collective representatives in this Section 216(b) action are attached as Exhibit A-C, respectively.

3.      For claims arising under the IMWL, CMWO and IWPCA, Plaintiffs seek to certify these claims as a Class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims and Chicago Minimum Wage Ordinance pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

## III.      PARTIES

5.      At all relevant times, Plaintiff Amelia Straw:

    a.      has handled goods that moved in interstate commerce;

    b.      has been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §203(e), IMWL, 820 ILCS 105/3(d), IWPCA, 820 ILCS 115/2 and the CMWO, 6-105-010;

    c.     was not exempt from the minimum wage or overtime requirements of the FLSA, 29 U.S.C. §§206-207, IMWL, 820 ILCS 105/4 and 105/4a and the CMWO, 6-105-020 and 6-105-030;

    d.     has performed work for Defendants within the geographic boundaries of the city of Chicago; and

    e.     has resided in and been domiciled in the state of Illinois and within this judicial district.

6.     Plaintiff Lucia Garcia:

    a.     has handled goods that moved in interstate commerce;

    b.     has been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §203(e), IMWL, 820 ILCS 105/3(d), IWPCA, 820 ILCS 115/2 and the CMWO, 6-105-010;

    c.     was not exempt from the minimum wage or overtime requirements of the FLSA, 29 U.S.C. §§206-207, IMWL, 820 ILCS 105/4 and 105/4a and the CMWO, 6-105-020 and 6-105-030;

    d.     has performed work for Defendants within the geographic boundaries of the city of Chicago; and

    e.     has resided in and been domiciled in the state of Illinois and within this judicial district.

7.     Plaintiff Sarina Dale:

    a.     has handled goods that moved in interstate commerce;

    b.     has been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §203(e), IMWL, 820 ILCS 105/3(d), IWPCA, 820 ILCS 115/2 and CMWO, 6-105-010;

    c.     was not exempt from the minimum wage or overtime requirements of the FLSA, 29 U.S.C. §§206-207, IMWL, 820 ILCS 105/4 and 105/4a and the CMWO, 6-105-020 and 6-105-030;

    d.     has performed work for Defendants within the geographic boundaries of the city of Chicago; and

    e.     has resided in and been domiciled in the state of Illinois and within this judicial district.

8.     At all relevant times, Defendant For the People Hospitality Group, LLC:

    a.     has commonly operated a restaurant known as The Duplex located at 3137 W Logan Blvd, Chicago, IL 60647 and a bar known as The Revolver located

        at 1270 N. Milwaukee Ave. Chicago, IL 60622 as a common enterprise;

b.     has had its principal place of business within this judicial district.

c.     has been a corporation organized under the laws of the State of Illinois;

d.     has conducted business in Illinois and within this judicial district;

e.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

f.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

g.     was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/2, and CMWO, 6-105-010.

9.     At all relevant times, Defendant FTPHG, LLC:

a.     has commonly operated a restaurant known as The Duplex located at 3137 W Logan Blvd, Chicago, IL 60647 and a bar known as The Revolver located at 1270 N. Milwaukee Ave. Chicago, IL 60622 as a common enterprise;

b.     has had its principal place of business within this judicial district.

c.     has been a corporation organized under the laws of the State of Illinois;

d.     has conducted business in Illinois and within this judicial district;

e.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

f.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

g.     was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/2, and CMWO, 6-105-010.

10.     At all relevant times, Defendant LeQoinne Rice:

a.     has been an "employer" of Plaintiffs and other similarly situated laborers as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/2, and CMWO, 6-105-010;

b.     has been a manager of For the People Hospitality Group, LLC operating as The Duplex and The Revolver within this judicial district;

    c.    has been the registered agent of For the People Hospitality Group, LLC and FTPHG, LLC;

    d.    among other things, has had the authority at The Duplex and The Revolver to hire and fire, to direct and supervise the work of Plaintiffs and similarly situated employees, to authorize payment of wages to Plaintiffs and similarly situated employees, to sign on the checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and their employment policies and practices; and

    e.    Resides in Cook County, Illinois.

11.    At all relevant times, Defendant Christopher Scardina:

    a.    has been an "employer" of Plaintiffs and other similarly situated laborers as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/2, and CMWO, 6-105-010;

    b.    has been a manager of For the People Hospitality Group, LLC operating as The Duplex and The Revolver within this judicial district;

    c.    among other things, has had the authority at The Duplex and The Revolver to hire and fire, to direct and supervise the work of Plaintiffs and similarly situated employees, to authorize payment of wages to Plaintiffs and similarly situated employees, to sign on the checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and their employment policies and practices; and

    d.    Resides in Cook County, Illinois.

### IV.    COMMON BACKGROUND FACTS

12.    Defendants operated The Duplex and The Revolver as a common enterprise in that, *inter alia*:

    a.    The Duplex and The Revolver were commonly managed by Defendants Rice and Scardina;

    b.    The Duplex and The Revolver had common human resources department; and

    c.    Employees were interchanged between The Duplex and The Revolver without being required to re-apply for work.

13.    Plaintiff Straw was employed as a server by Defendant from approximately June 3, 2024 to July 3, 2024 as a server at the Defendants' restaurant, The Duplex.

14.     Plaintiff Garcia was employed as a server by Defendant from approximately February 2024 to May 2024 as a server at the Defendants' restaurant, The Revolver, and from June 2024 to August 2024, at Defendants' restaurant, The Duplex.

15.     Plaintiff Dale was employed as a server by Defendant from approximately mid-April 2024 to August 24, 2024, as a server at the Defendants' restaurant, The Duplex.

16.     Within the five years prior to filing this lawsuit, Defendants implemented a policy at The Duplex and The Revolver to automatically charge customers a gratuity of twenty percent (20%) on the customers' food bill.

17.     Defendants labeled the automatic twenty percent (20%) charge as a "gratuity" on the customers' bill and receipt.

18.     Pursuant to federal, Illinois and Chicago law, "gratuities" are the property of employees whether or not an employer takes a tip credit.

19.     Pursuant to federal, Illinois and Chicago law, managers or supervisors are not permitted to keep any portion of employees' gratuities or tips, regardless of whether or not the employer takes a tip credit.

20.     Defendants did not inform the Plaintiffs or any of the other employees in writing or otherwise how they would be compensated, including how gratuities would be distributed, at the beginning of their employment.

21.     Defendants did not inform the Plaintiffs or any of the other employees in writing or otherwise of changes in the pay arrangements at all, including prior to the time of change.

22.     Defendants did not provide Plaintiffs or other employees with an accounting of the gratuities that were collected from customers each shift at The Duplex or The Revolver.

23.     Defendants did not retain records of the gratuities that were collected from customers each shift at The Duplex or The Revolver or how such gratuities were distributed.

24. Defendants failed to provide Plaintiffs and other employees with pay stubs each pay period reflecting each employee's hours worked, rate of pay, overtime pay and overtime hours worked, gross wages earned, deductions made from the employee's wages, and the total of wages and deductions year to date.

25. Defendants instructed Plaintiff Straw to punch out early in work weeks in which she worked a lot of hours, including work weeks in which she worked in excess of forty (40) hours, and told her to complete her assignment off-the-clock.

26. Defendants were aware that Plaintiff Straw was working off-the-clock.

27. Defendants did not compensate Plaintiff Straw for work performed off-the-clock.

28. Defendants did not pay Plaintiff Straw one and a half times her regular rate of pay for off-the-clock work she performed in work weeks in which she worked in excess of forty (40) hours.

29. Other similarly situated employees to Plaintiff Straw were likewise instructed by Defendants to punch out early in work weeks in which they worked a lot of hours, including work weeks in which she worked in excess of forty (40) hours, and told them to complete her assignment off-the-clock.

30. Defendants were aware that other similarly situated employees were working off-the-clock.

31. Defendants did not compensate other similarly situated employees for work performed off-the-clock.

32. Defendants did not pay other similarly situated employees one and a half times their regular rate of pay for off-the-clock work they performed in work weeks in which they worked in excess of forty (40) hours.

## V.    CLASS ACTION ALLEGATIONS

33.    Plaintiffs, on behalf of themselves and other similarly situated employees, will seek to certify the following claims against Defendants as a class action pursuant to Fed. R. Civ. P. 23(a) and (b): (i) for Defendants' unlawful retention of gratuities collected from employees and failure to retain records and provide Plaintiffs and similarly situated employees with an accounting of gratuities collected and how such gratuities were distributed arising under the IMWL, the CMWO and the IWPCA (Counts II-V); (ii) for Defendants' failure to provide its employees with a correct and accurate paycheck stub arising under the IWPCA (Count VI); (iii) for Defendants' failure to pay Plaintiff Stray and other similarly situated employees at least the federal, Illinois and Chicago-mandated minimum wages for all compensable time arising under the IMWL, the CMWO and the IWPCA (Counts VIII-X); and (iv) for Defendants' failure to pay Plaintiff Straw and other similarly situated employees required overtime wages for all time worked in excess of forty (40) hours in individual work weeks arising under the IMWL, the CMWO and the IWPCA (Counts XII-XIV).

34.    The Class that Plaintiffs seek to represent (the "Class") is defined as "Plaintiffs, and all other similarly situated non-managerial and non-supervisory employees who performed work for Defendants at The Duplex and/or The Revolver between June 30, 2022 and the date of judgment."

35.    The subclass Plaintiff Straw seeks to represent (the "Minimum Wage/Overtime Subclass") is defined as "Plaintiff Straw and all other similarly situated non-managerial and non-supervisory employees who performed work for Defendants at The Duplex and/or The Revolver between June 30, 2022 and the date of judgment."

36.    Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the Class

members during the temporality of the Class and Subclass.

37.     Counts II through V, VII through IX and X through XII are brought pursuant to are

brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

a.     The Class and Subclass are so numerous that joinder of all members is impracticable. While the precise number of members in the Class and Subclass has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over 40 employees to work at Defendants' The Duplex and The Revolver in Illinois during the Class and Subclass Periods;

b.     There are questions of fact or law common to the Class and Subclass, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

i.     Whether Defendants operate The Duplex and The Revolver as a common enterprise;

ii.     Whether Defendants collected gratuities from customers and , if so:

a.     Whether Defendants' customers understood such gratuities were intended for Defendants' employees;

b.     whether Defendants' managers and supervisors unlawfully retained such gratuities;

c.     whether Defendants provided their employees with an accounting of all gratuities received and how such gratuities would be distributed; and

d.     whether Defendants retained a record of all gratuities received and how such gratuities were distributed.

iii.     Whether Defendants failed to provide their employees with a "pay stub" as defined by the IWPCA reflecting each employee's hours worked, rate of pay, overtime pay and overtime hours worked, gross wages earned (including gratuities), deductions made from the employee's wages, and the total of wages and deductions year to date.

iv.     Whether Defendants failed to pay the Illinois and Chicago-mandated minimum wages for all time worked;

v.     Whether Plaintiffs and similarly situated employees worked in excess of 40 hours in individual work weeks;

vi.   Whether Defendants failed to pay Plaintiffs and similarly situated employees at time and a half the mandated regular rate of pay for all hours worked in excess of 40 during individual work weeks;

vii.  Whether Plaintiffs and similarly situated employees worked within the geographic boundaries of Chicago.

c.   The Class representatives and the members of each Subclass have been equally affected by the complained-of practices by Defendants;

d.   Members of the Class and each Subclass will be reluctant to bring forth claims for unpaid wages and notice violations for fear of retaliation;

e.   The Class representatives, Class and Subclass members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions creating a hardship on the Class members, Defendants and the Court.

38.   Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Unlawful Retention of Gratuities in Violation of the FLSA
### *Collective Action brought by Plaintiffs pursuant to Section 216(b) of the FLSA*

39.   Plaintiffs incorporate and re-allege paragraphs 1 through 38 as though set forth herein.

40.   This Count arises from a violation of Section 203(m)(2)(B) of the FLSA for Defendants' unlawful retention of gratuities or tips collected by Defendants from customers as set forth more fully in paragraphs 12-23 *supra*.

41.   At all relevant times, Plaintiffs and the Collective Class were non-managerial and non-supervisory employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

42.   At all relevant times, Plaintiffs and the Collective Class were not exempt from the FLSA.

43.   At all relevant times, Defendants collected a 20% gratuity from customers' checks

as set forth more fully in paragraphs 12-23 *supra.*

44.     At all relevant times, gratuities or tips collected by Defendants were the property of the non-managerial and non-supervisory employees of Defendants.

45.     Defendants had and have an obligation to retain records related to gratuities or tips collected from customers and how such gratuities or tips are or were distributed among employees pursuant to the FLSA.

46.     On information, at all relevant times, Defendants have failed to retain such records.

47.     Defendants had and have an obligation to provide their employees with an accounting of gratuities or tips collected from customers and how such gratuities or tips were distributed among employees pursuant to the FLSA.

48.     At all relevant times, Defendants have failed to provide their employees with an accounting of gratuities or tips collected from customers and how such gratuities or tips were distributed.

49.     Defendants' retention of gratuities or tips collected from customers violated the FLSA.

50.     Defendants' failure to retain records and provide an accounting to their employees of gratuities or tips collected from customers and how such gratuities or tips were distributed violated the FLSA.

51.     Defendants' unlawful retention of gratuities or tips and failure to retain records and provide Plaintiffs and the Collective Class with an accounting to their employees of gratuities or tips collected from customers and how such gratuities or tips were distributed was willful.

52.     Pursuant to the FLSA, the Plaintiffs and the Collective Class are entitled to recover unlawfully retained gratuities or tips for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    A judgment in the amount of unlawfully retained gratuities or tips due to Plaintiffs and the Collective Class as provided by the FLSA;

C.    Liquidated damages in the amount equal to the unlawfully retained gratuities or tips;

D.    That the Court declare that Defendants violated the FLSA;

E.    That the Court enjoin Defendants from violating the FLSA;

F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Unlawful Retention of Gratuities in Violation of the IMWL
### *Class Action brought by Plaintiffs pursuant to Fed. R. Civ. P. 23*

53.    Plaintiffs incorporate and re-allege paragraphs 1 through 52 as though set forth herein.

54.    This Count arises from a violation of IMWL for Defendants' unlawful retention of gratuities collected by Defendants from customers as set forth more fully in paragraphs 12-23 *supra*.

55.    At all relevant times, Plaintiffs and the Class were non-managerial and non-supervisory employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

56.    At all relevant times, Plaintiffs and the Class were not exempt from the IMWL.

57.    At all relevant times, Defendants collected a 20% gratuity from customers' checks as set forth more fully in paragraphs 12-23 *supra*.

58.    At all relevant times, gratuities collected by Defendants were the property of the non-managerial and non-supervisory employees of Defendants.

59.    Defendants had and have an obligation to retain records related to gratuities

collected from customers and how such gratuities are or were distributed among employees pursuant to the IMWL.

60. On information, at all relevant times, Defendants have failed to retain such records.

61. Defendants had and have an obligation to provide their employees with an accounting of gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the IMWL.

62. At all relevant times, Defendants have failed to provide their employees with an accounting of gratuities collected from customers and how such gratuities were distributed.

63. Defendants' retention of gratuities collected from customers violated the IMWL.

64. Defendants' failure to retain records and provide an accounting to their employees of gratuities collected from customers violated the IMWL.

65. Pursuant to the IMWL, the Plaintiffs and the Class are entitled to recover unlawfully retained gratuities for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B. A judgment in the amount of unlawfully retained gratuities due to Plaintiffs and the Class as provided by the IMWL;

C. Liquidated damages in an amount of treble of the unlawfully retained gratuities due to Plaintiffs and the Class as provided by the IMWL;

D. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

E. That the Court declare that Defendants violated the IMWL;

F. That the Court enjoin Defendants from violating the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Unlawful Retention of Gratuities in Violation of the CMWO
#### *Class Action brought by Plaintiffs pursuant to Fed. R. Civ. P. 23*

66. Plaintiffs incorporate and re-allege paragraphs 1 through 65 as though set forth herein.

67. This Count arises from a violation of CMWO for Defendants' unlawful retention of gratuities collected by Defendants from customers as set forth more fully in paragraphs 12-23 *supra*.

68. At all relevant times, Plaintiffs and the Class were non-managerial and non-supervisory employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

69. At all relevant times, Plaintiffs and the Class were not exempt from the CMWO.

70. At all relevant times, Defendants collected a 20% gratuity from customers' checks as set forth more fully in paragraphs 12-23 *supra.*

71. At all relevant times, gratuities collected by Defendants were the property of the non-managerial and non-supervisory employees of Defendants.

72. Defendants had and have an obligation to retain records related to gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the CMWO.

73. On information, at all relevant times, Defendants have failed to retain such records.

74. Defendants had and have an obligation to provide their employees with an accounting of gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the CMWO.

75. At all relevant times, Defendants have failed to provide their employees with an accounting of gratuities collected from customers and how such gratuities were distributed.

76. Defendants' retention of gratuities collected from customers violated the CMWO.

77. Defendants' failure to retain records and provide an accounting to their employees of gratuities collected from customers violated the CMWO.

78. Pursuant to the CMWO, the Plaintiffs and the Class are entitled to recover unpaid unlawfully retained gratuities for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B. A judgment in the amount of unlawfully retained gratuities or tips due to Plaintiffs and the Class as provided by the CMWO;

C. Liquidated damages in an amount in the amount of treble the back wages due to Plaintiffs and the Class along with interest at the prevailing rate as provided by the CMWO, 6-105-110;

D. That the Court declare that Defendants violated the CMWO;

E. That the Court enjoin Defendants from violating the CMWO;

F. Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Unlawful Retention of Gratuities in Violation of the IWPCA**
*Class Action brought by Plaintiffs pursuant to Fed. R. Civ. P. 23*

79. Plaintiffs incorporate and re-allege paragraphs 1 through 78 as though set forth herein.

80. This Count arises from a violation of Section 4.1 of the IWPCA for Defendants' unlawful retention of gratuities collected by Defendants from customers as set forth more fully in paragraphs 12-23 *supra*.

81. At all relevant times, Plaintiffs and the Class were non-managerial and non-supervisory employees of Defendants who worked at Defendants' The Duplex and/or at The

Revolver.

82.    At all relevant times, Plaintiffs and the Class were not exempt from the IMWL.

83.    At all relevant times, Defendants collected a 20% gratuity from customers' checks as set forth more fully in paragraphs 12-23 *supra.*

84.    At all relevant times, gratuities collected by Defendants were the property of the non-managerial and non-supervisory employees of Defendants.

85.    Defendants had and have an obligation to retain records related to gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the IWPCA.

86.    On information, at all relevant times, Defendants have failed to retain such records.

87.    Defendants had and have an obligation to provide their employees with an accounting of gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the IWPCA.

88.    At all relevant times, Defendants have failed to provide their employees with an accounting of gratuities collected from customers and how such gratuities were distributed.

89.    Defendants' retention of gratuities collected from customers violated the IWPCA.

90.    Defendants' failure to retain records and provide an accounting to their employees of gratuities collected from customers violated the IWPCA.

91.    Pursuant to the IWPCA, the Plaintiffs and the Class are entitled to recover unlawfully retained gratuities from January 1, 2020 to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.    A judgment in the amount of unlawfully retained gratuities due to Plaintiffs and the Class as provided by the IWPCA;

C.    Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D.    That the Court declare that Defendants violated the IWPCA;

E.    That the Court enjoin Defendants from violating the IWPCA;

F.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Failure to Provide a Pay Stub in Violation of the IWPCA**
***Class Action brought by Plaintiffs pursuant to Fed. R. Civ. P. 23***

92.    Plaintiffs incorporate and re-allege paragraphs 1 through 91 as though set forth herein.

93.    This Count arises from a violation of Section 10 of the IWPCA for Defendants' notify Plaintiffs and the Class of the pay arrangement, including how gratuities would be distributed, at the time of hire and each time the arrangement changed in writing pursuant to Section 10(a).

94.    This Count further arises from a violation of Section 10 of the IWPCA for Defendants' failure to provide Plaintiffs and the Class with a "pay stub" as that term is defined by the IWPCA as set forth more fully in paragraphs 12-24 *supra*.

95.    At all relevant times, Plaintiffs and the Class were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

96.    At all relevant times, Plaintiffs and the Class were not exempt from the IWPCA.

97.    At all relevant times, Defendants were required to provide Plaintiffs and the Class with a pay stub itemizing each employee's hours worked, rate of pay, overtime pay and overtime hours worked, gross wages earned (including gratuities), deductions made from the employee's wages, and the total of wages and deductions year to date.

98.    During the relevant times, Defendants failed to provide Plaintiffs and the Class with

a pay stub containing the required information each pay period in violation of Section 10 of the IWPCA.

99.     Defendants had and have an obligation to retain records related to gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the IWPCA.

100.    During the relevant times, Defendants failed to retain records of how and to whom gratuities collected from customers where distributed.

101.    Defendants had and have an obligation to provide Plaintiffs and the Class with an accounting of gratuities collected from customers and how such gratuities are or were distributed among employees pursuant to the IWPCA.

102.    On information, during the relevant times, Defendants failed to retain records of how and to whom gratuities collected from customers where distributed.

103.    Defendants' retention of gratuities collected from customers violated the IWPCA.

104.    Defendants' failure to retain records and provide an accounting to their employees of gratuities collected from customers violated the IWPCA.

105.    Pursuant to the IWPCA, the Plaintiffs and the Class are entitled to recover unlawfully retained gratuities from January 1, 2020 to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.    A judgment in the amount of unlawfully retained gratuities due to Plaintiffs and the Class as provided by the IWPCA;

C.    Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D.    That the Court declare that Defendants violated the IWPCA;

E.    That the Court enjoin Defendants from violating the IWPCA;

F.   Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.   Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Failure to Pay Minimum Wage for All Compensatory Time in Violation of the FLSA**
*Collective Action brought by Plaintiff Straw pursuant to Section 216(b) of the FLSA*

106.   Plaintiff Straw incorporates and re-alleges paragraphs 1 through 105 as though set forth herein.

107.   This Count arises under the FLSA for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at least the federal minimum wage for all time worked in individual work weeks.

108.   At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

109.   At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were not exempted from the minimum wage provisions of the FLSA.

110.   In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

111.   In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

112.   On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at least the federal minimum wage for time worked off-the-clock.

113.   Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were entitled

to be paid at least the federal minimum wage for all compensable time worked in individual work weeks.

114.    Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at least the federal minimum wage for all compensable time worked in individual work weeks violated the FLSA.

115.    Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at least the federal minimum wage for all compensable time worked in individual work weeks was willful.

116.    Pursuant to the FLSA, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    A judgment in the amount of unpaid minimum wages due to Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass as provided by the FLSA;

C.    Liquidated damages in the amount equal to the unpaid minimum wages;

D.    That the Court declare that Defendants violated the FLSA;

E.    That the Court enjoin Defendants from violating the FLSA;

F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA.; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**Failure to Pay Minimum Wage for All Compensatory Time in Violation of the IMWL**
***Class Action brought by Plaintiff Straw pursuant to Fed. R. Civ. P. 23***

117.    Plaintiff Straw incorporates and re-alleges paragraphs 1 through 116 as though set forth herein.

118.    This Count arises under the IMWL for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Illinois minimum wage for all time worked in individual work weeks.

119.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

120.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Subclass were not exempted from the minimum wage provisions of the IMWL.

121.    In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

122.    In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

123.    On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Illinois minimum wage for time worked off-the-clock.

124.    Plaintiff Straw and the Minimum Wage/Overtime Subclass were entitled to be paid at least the Illinois minimum wage for all compensable time worked in individual work weeks.

125.    Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Illinois minimum wage for all compensable time worked in individual work weeks violated the IMWL.

126.    Pursuant to the IMWL, Plaintiff Straw and the Minimum Wage/Overtime Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.     A judgment in the amount of unpaid Illinois minimum wages due to Plaintiff Straw and the Minimum Wage/Overtime Subclass;

C.     Liquidated damages in an amount of treble of the unpaid Illinois minimum wages due to Plaintiff Straw and the Minimum Wage/Overtime Subclass as provided by the IMWL;

D.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

E.     That the Court declare that Defendants violated the IMWL;

F.     That the Court enjoin Defendants from violating the IMWL;

G.     Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H.     Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Failure to Pay Minimum Wage for All Compensatory Time in Violation of the CMWO
*Class Action brought by Plaintiff Straw pursuant to Fed. R. Civ. P. 23*

127.   Plaintiff Straw incorporates and re-alleges paragraphs 1 through 126 as though set forth herein.

128.   This Count arises under the CWMO for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Chicago minimum wage for all time worked in individual work weeks.

129.   At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

130.   At all relevant times, Plaintiff Straw and the Collective Class were not exempted from the minimum wage provisions of the CMWO.

131.   In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

132.    In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

133.    On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Chicago minimum wage for time worked off-the-clock.

134.    Plaintiff Straw and the Minimum Wage/Overtime Subclass were entitled to be paid at least the Chicago minimum wage for all compensable time worked in individual work weeks.

135.    Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at least the Chicago minimum wage for all compensable time worked in individual work weeks violated the CMWO.

136.    Pursuant to the CMWO, Plaintiff Straw and the Minimum Wage/Overtime Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.    A judgment in the amount of unlawfully retained gratuities or tips due to Plaintiffs and the Class as provided by the CMWO;

C.    Liquidated damages in an amount in the amount of treble the back wages due to Plaintiffs and the Class along with interest at the prevailing rate as provided by the CMWO, 6-105-110;

D.    That the Court declare that Defendants violated the CMWO;

E.    That the Court enjoin Defendants from violating the CMWO;

F.    Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT IX**
**Failure to Pay Overtime Wages in Violation of the FLSA**
*Collective Action brought by Plaintiff Straw pursuant to Section 216(b) of the FLSA*

137.   Plaintiff Straw incorporates and re-alleges paragraphs 1 through 136 as though set forth herein.

138.   This Count arises from a violation of the FLSA for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

139.   At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

140.   At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were not exempted from the overtime provisions of the FLSA.

141.   In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

142.   In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

143.   On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at time and a half their regular rate of pay for all time worked off-the-clock.

144. Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were entitled to be paid at time and a half their mandated regular rate of pay for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

145. Defendants did not pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at time and a half their regular rate of pay for every hour for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

146. Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at time and a half their mandated regular rate of pay for every hour worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

147. Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass at time and a half their mandated regular rate of pay for every hour worked in excess of forty (40) hours in individual work week was willful.

148. Pursuant to the FLSA, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages due to Plaintiffs and the Class as provided by the FLSA;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA.; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT X**
**Failure to Pay Overtime Wages in Violation of the IMWL**
*Class Action brought by Plaintiff Straw pursuant to Fed. R. Civ. P. 23*

149.    Plaintiff Straw incorporates and re-alleges paragraphs 1 through 148 as though set forth herein.

150.    This Count arises from a violation of the IMWL for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

151.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

152.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were not exempted from the overtime provisions of the IMWL.

153.    In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

154.    In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

155.    On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Subclass at time and a half their regular rate of pay for all time worked off-the-clock.

156.    Plaintiff Straw and the Minimum Wage/Overtime Subclass were entitled to be paid

at time and a half their mandated regular rate of pay for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

157.    Defendants did not pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at time and a half their regular rate of pay for every hour for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

158.    Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at time and a half their mandated regular rate of pay for every hour worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

159.    Pursuant to the IMWL, Plaintiff Straw and the Minimum Wage/Overtime Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.    A judgment in the amount of unpaid overtime wages due to Plaintiff Straw and the Minimum Wage/Overtime Subclass;

C.    Liquidated damages in an amount of treble of the unpaid overtime wages due to Plaintiff Straw and the Minimum Wage/Overtime Subclass as provided by the IMWL;

D.    Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

E.    That the Court declare that Defendants violated the IMWL;

F.    That the Court enjoin Defendants from violating the IMWL;

G.    Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H.    Such other and further relief as this Court deems appropriate and just.

## COUNT XI
### Failure to Pay Overtime Wages in Violation of the CMWO
### *Class Action brought by Plaintiff Straw pursuant to Fed. R. Civ. P. 23*

160.    Plaintiff Straw incorporates and re-alleges paragraphs 1 through 159 as though set

forth herein.

161.    This Count arises from a violation of the CMWO for Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

162.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Subclass were employees of Defendants who worked at Defendants' The Duplex and/or at The Revolver.

163.    At all relevant times, Plaintiff Straw and the Minimum Wage/Overtime Collective Subclass were not exempted from the overtime provisions of the CMWO.

164.    In the three years prior to the filing of this lawsuit, Defendants suffered and permitted Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

165.    In the three years prior to the filing of this lawsuit, Defendants required Plaintiff Straw and the Minimum Wage/Overtime Subclass to clock out and continue working off-the-clock in work weeks in which they worked in excess of forty (40) hours as set forth more fully in paragraphs 12-16 and 25-32 *supra*.

166.    On those occasions, Defendants did not compensate Plaintiff Straw and the Minimum Wage/Overtime Subclass at time and a half their regular rate of pay for all time worked off-the-clock.

167.    Plaintiff Straw and the Minimum Wage/Overtime Subclass were entitled to be paid at time and a half their mandated regular rate of pay for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

168.    Defendants did not pay Plaintiff Straw and the Minimum Wage/Overtime Subclass

at time and a half their regular rate of pay for every hour for all time worked off-the-clock in excess of forty (40) hours in individual work weeks.

169.     Defendants' failure to pay Plaintiff Straw and the Minimum Wage/Overtime Subclass at time and a half their mandated regular rate of pay for every hour worked in excess of forty (40) hours in individual work weeks was a violation of the CMWO.

170.     Pursuant to the CMW, Plaintiff Straw and the Minimum Wage/Overtime Subclass are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff Straw prays for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

B.     A judgment in the amount of unpaid overtime wages due to Plaintiff Straw and the Minimum Wage/Overtime Subclass;

C.     Liquidated damages in an amount in the amount of treble the back wages due to Plaintiffs and the Class along with interest at the prevailing rate as provided by the CMWO, 6-105-110;

D.     That the Court declare that Defendants violated the CMWO;

E.     That the Court enjoin Defendants from violating the CMWO;

F.     Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

G.     Such other and further relief as this Court deems appropriate and just.

Dated: July 1, 2025

Respectfully submitted,

*/s/Christopher J. Williams*
Christopher J. Williams (IL ARDC #6284262)
cwilliams@workers-law-office.com
Workers' Law Office
1341 W. Fullerton Ave, Suite 147
Chicago, Illinois 60614
(312) 725-3696

*Attorney for Plaintiffs and the Class*


Keren Salim (NC ID #59847)
keren@glow.law
*Pro hac vice petition pending*
Grassroots Law & Organizing for Workers
1 N. LaSalle Street, Suite 1275
Chicago, Illinois 60602
(888) 610-7752

*Attorney for Plaintiffs' Attorneys*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AMELIA STRAW, LUCIA GARCIA, and
SARINA DALE, on behalf of themselves and all
other similarly situated individuals, known and
unknown,

                 Plaintiffs,

        v.

FOR THE PEOPLE HOSPITALITY GROUP,
LLC d/b/a The Duplex and The Revolver, FTPHG,
LLC d/b/a The Duplex and The Revolver,
LEQOINNE RICE, individually, and
CHRISTOPHER SCARDINA individually,

                 Defendants.

Case No.

Judge

## NOTICE OF CONSENT TO BE A PARTY REPRENTATIVE IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by the above referenced Defendants in the restaurants they operate doing business as The Duplex and The Revolver within the prior three (3) years. I further represent that the Defendants have retained gratuities or tips that I and my co-workers have earned within the prior three (3) years three years. Finally, I represent that I have been required to work off the clock withing the prior three (3) years, including in weeks when I worked in excess of forty (40) hours and was not paid minimum wages for all time I worked and was not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all similarly situated employees.

My name is: Amelia Straw

Signature: *Amelia Straw*
Signed by:
FCA928E8890F48F...

Date on which I signed this Notice: 7/1/2025

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMELIA STRAW, LUCIA GARCIA, and SARINA DALE, on behalf of themselves and all other similarly situated individuals, known and unknown, | |
| Plaintiffs, | Case No. |
| v. | Judge |
| FOR THE PEOPLE HOSPITALITY GROUP, LLC d/b/a The Duplex and The Revolver, FTPHG, LLC d/b/a The Duplex and The Revolver, LEQOINNE RICE, individually, and CHRISTOPHER SCARDINA individually, | |
| Defendants. | |

**NOTICE OF CONSENT TO BE A PARTY REPRENTATIVE IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by the above referenced Defendants in the restaurants they operate doing business as The Duplex and The Revolver within the prior three (3) years. I further represent that the Defendants have retained gratuities or tips that I and my co-workers have earned within the prior three (3) years three years. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all similarly situated employees.

My name is: Lucia Garcia

Signature: _[signature]_
E723FA5F1B674F5...

Date on which I signed this Notice: 7/1/2025

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMELIA STRAW, LUCIA GARCIA, and SARINA DALE, on behalf of themselves and all other similarly situated individuals, known and unknown, | |
| Plaintiffs, | Case No. |
| v. | Judge |
| FOR THE PEOPLE HOSPITALITY GROUP, LLC d/b/a The Duplex and The Revolver, FTPHG, LLC d/b/a The Duplex and The Revolver, LEQOINNE RICE, individually, and CHRISTOPHER SCARDINA individually, | |
| Defendants. | |

**NOTICE OF CONSENT TO BE A PARTY REPRENTATIVE IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by the above referenced Defendants in the restaurants they operate doing business as The Duplex and The Revolver within the prior three (3) years. I further represent that the Defendants have retained gratuities or tips that I and my co-workers have earned within the prior three (3) years three years. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all similarly situated employees.

My name is:  Sarina Dale

Signature:  *Sarina Dale*
5A4208D3E4404F5...

Date on which I signed this Notice:  6/27/2025